# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Joseph Scott

COMPLAINT

(Enter above the full name of the plaintiff in this action)

V.

Civil Action No. _____

John Manenti, Joseph Norwood,

(To be supplied by the Clerk of the Court)

Mark. A. Kirby, Ruben B. Morales,

Marilyn Angud, and General Counsel

# RECEIVED

(Enter the full name of the defendant of defendants in this action)

## SEP 3 0 2015

AT 8:30 _____ M

WILLIAM T. WALSH CLERK

## INSTRUCTIONS; READ CAREFULLY

1.  This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.  In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.  You must provide the full name of each defendant or defendants and where they can be found.

4.  You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.  Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of    $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

Pg 1

## Parties

1. The plaintiff, Joseph Scott, is incarcerated at FCI-Fairton Fairton, NJ 08320, during the events described in this complaint.

2. Defendant Mark A. Kirby is the Warden of FCI-Fairton and is responsible for reviewing grievances relating to medical issues.

3. Defendant Dr. Angud and Dr. Morales are the medical Administrators at FCI-Fairton and are generally responsible for ensuring provision of medical care to prisoners and specially for scheduling medical appointment outside the prison when a prisoner needs specialized treatment or evaluation. They are sued in their individual capacity.

4. Defendant Dr. Manenti, and Regional Director Norwood are employed at the Northeast Regional Offices in Philadelphia, Pennsylvania 19106, and they are responsible for reviewing all administrative appeals filed by FCI-Fairton. They are sued in their individual capacities.

5. Defendant General Counsel is employed at the Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, He is sued in his individual capacity.

6. All the defendants have acted, and continue to act under the color of state law at all times relevant to this complaint.

Pg 2

6.     If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures  set forth in the application to proceed in forma pauperis.  See 28 U.S.C. §1915.  (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.     If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed.  The Clerk will prepare and issue a copy of the summons for each defendant.  The copies of summonses and the copies of the complaint  which you have submitted will be forwarded  by the Clerk to the United States Marshal, who is responsible for service.  The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant.  If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.    Jurisdiction is asserted pursuant to (CHECK ONE)

_____  42 U.S.C. §1983 (applies to state prisoners)

__✓__  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

1b.    Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

_✓_ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

Pg 3

2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): _____

_____

Defendant(s):_____

_____

b. Court and docket number:_____

c. Grounds for dismissal: ( )   frivolous   ( ) malicious

( )   failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit:_____

e. Approximate date of disposition:_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? F. C I FAIRTON NJ 08320

4. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a. Name of plaintiff: Joseph Scott

Address: F.C.I FAIRTON NJ 08320  P.O BOX 420

Inmate#: JOSEPH SCOTT   04194-015

b.    First defendant:

Name: John Manenti

Official position: Medical Director

Place of employment: NORTH EAST Regional office, PA 19106

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

DR. John Manenti has failed to act or carry-out medical recommendation by the orthopedic surgeon physician as mandating treatment, due to a diagnosis of a right shoulder rotator cuff tear DR. Manenti improperly withheld medical care (M.R.I) in violation of my Eight Amendment cruel and unusual punishment

c.    Second defendant:

Name: R.B Morales M.D (Clinical Director)

Official position: Clinical Director

Place of employment: F.C.I FAIRTON NJ 08320 P.O BOX (280)

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Delayed Medical treatment for the Past 22 months DR. Morales is Personally involved in the delayed access To a M.R.I Scan and surgery and has Further added to my unresolved medical Affliction, EIGHT AMENDMENT violation.

d.    If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

Pg 5

Case 1:15-cv-07213-JBS-AMD   Document 1   Filed 09/30/15   Page 6 of 15 PageID: 6

e. **Third defendant:**
   **Name:** Marilyn, Angud

   **Official Position:**

   **Place of employment:** F.C.I FAIRTON NJ 08320 P.O BOX 280

   **How is this person involved in the case?**

[i.e, **What are you alleging that this person did or did not do that**

**violated your constitutional rights]**

She's involved in the delayed access to a MRI, and
has further added to my unresolved medical Affliction
in the violation of the Eight Amendment

f. **Fourth defendant:**
   **Name:** Joseph Norwood

   **Official Position:** Regional Director

   **Place of employment:** Northeast Regional office, Pa.19106

   **How is this person involvement of the defendant?**

He's involved in the denial of my m.R.I, and also
MR. Norwood failed to carry-out medical
recommedation by a physician as mandating treatment.
MR. Norwood withheld medical care, in violation of the
eight amendment cruel and unusal punishment

g. **Fifth defendant:**
   **Name:** MARK A Kirby

   **Official Position:** F.C.I FAIRTON Warden

   **Place of employment:** F.C.I FAIRTON NJ 08320 P.O BOX 280

   **How is this person involved in this case?**

[i.e, **what are you alleging that this person did or did not do that**

**violated your constitutional rights]**

Warden Kirby did not commit the medical violations, he
became responsible for them when he failed to correct them in
the course of his supervisory responsibilites. A supervisor who
learns of a constitutional violation through a report or appeal maybe
held reliable for failing to correct it.

Pg 6

**h. Sixth defendant:**
   **Name:** GENERAL Counsel.

   **Official Position** GENERAL Counsel

   **Place of employment:** Federal Bureau of Prison, 320 1st N.W D.C 20534

   **How is this person involved in this case?**

**[i.e What are you alleging that this person did or did not do that violated your constitutional rights?]**

The General Counsel has refused to respond to my medical Request, and he failed to respond to my administrative Remedies on (3) different occasions

5.  I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

✓ Yes _____No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

I have attempted on three occasions to resolve my medical, (798967- A1 ) ( 821186-A0) Pending In office of General Counsel (828462-F1) Pending in NoRtheast Regional office.

If your answer is "No," briefly explain why administrative remedies were not exhausted.

6.  Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

Please see attached memorandum/complaint incorporated with this form.

Statement of Claims
Denial of Medical Care

1. On October 18, 2013, The plaintiff submitted a sick-call request
seeking medical cared to his injured right shoulder.

2. On November 27, 2013 Dr. Morales administered cortisone inject-
ion into right shoulder

3. On October 31 2014. The physician assistant noted the lack of
improvemant with conservative treatment and submitted an orthopedic
consultation to further evaluate shoulder pain [See Appeal no 79867-R1
J. L. Norwood Reginal Director]

4. On January 27, 2015 I was evaluated by the orthopedic surgeon
who administered an injectable corticosteroid into right shoulder.
I was diagnosed with right shoulder rotator cuff tear. I was advise
an MRI will  be considered if I continue to have subjective complain
of pain.

5. On March 31, 2015, the orthopedic surgeon recommended an MRI
since I did not respond to all conservative management [Administrative
Remedy number 821186-F2]

6. On June 16, 2015 The regional Medical Director John Manenti denied
the request for a MRI due to incomplete clinical management [See-
Appeal no. 821186-R2 J. L. Norwood Reginal Director] and [administ-
rative Remedy number 828462-F1 Warden Kirby]

7. When I ask about receiving proper medical treatmant [MRI SCAN]
Dr. Morales and Dr. Angud said I need to submit another grievance
to get authorization from the Region.

8. The Regional Medical Director's Dr. John Manenti and Regional
Director Norwood is the Medical Grievance Board physician who over-
sees, recommends and orders the FCI Fairton Medical provider to
correct errors and provide proper medical treatment.

9. Norwood and Manenti conducted investigations for several of plaintiff's grievances. In all instances the plaintiff was denied a M.R.I. Scan. Because Manenti and Norwood sat on the grievance board, they were aware of plaintiff's pain and suffering, but failed to correct the actions of F.C.I.-Fairton medical department in violation of the Eighth Amendment.

10. Plaintiff alleges that defendant's Morales, Angud, Manenti, and Warden Kirby acted deliberately indifferent because the denied medical treatment. (1) the defendants participated directly in the alleged constitution violation of the Eighth Amendment (2) the defendant's, after being informed of the violation through reports, appeals and grievances failed to remedy the wrong (3) the defendant's created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policy or custom (4) the defendant's exhibit deliberate indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring.

11. Dr. John Manenti may be liable for failure to act on physicians recommendation because he is the policy maker at the Northeast Regional Office, and he violated a very specific duty they are plainly obligated to carry out.

12. plaintiff alleges that defendant Dr. Manenti, Norwood, and Dr. Morales, acted with deliberate indifference because they denied medical treatment and/or delayed medical treatment for non-medical reasons for the past 23 months. Specifically, plaintiff claims that he advised Dr. Morales about his excruciating right shoulder pain on October 18, 2013, but he refused to allow plaintiff to see a orthopedic surgeon until January 25, 2015.

13. The defendant's Dr. Morales, Dr. Angud, and Norwood, General Counsel, Dr, Manenti, and Warden Kirby, knew of plaintiff's need for medical treatment but intentionally refused to provide it (2) delayed necessary medical treatment for non-medical reasons (3) prevented plaintiff from receiving needed or recommended treatment by the orthopedic surgeon physician.

14. A medical need is serious if it has been diagnosed by a physician as mandating treatment.

15. The orthopedic surgeon recommended a M.R.I. for a right Shoulder torn rotator tear.

16. The defendant's in all have failed to carry out the physicians recommendation which is a eighth Amendment violation undue suffering or threat of tangible residual injury.

17. Plaintiff contends that more should had been done by way diagnosis and treatment, and suggest a number of options that were not pursued, and the needless suffering resulted from the denial of simple medical care.

18. after 23 months, the plaintiff has not received adequate medical treatment for the excruciating pain in his right shoulder.

19. The general counsel has refused medical care by not responding to my administrative remedies. I have submitted 3 different BP-11 that he refused to respond to.

20. The plaintiff is in great pain and is suffering in light of the significant delay in providing plaintiff with a referral to an outside treatment for a M.R.I. or surgery.

21. On the information and belief, if the plaintiff is not promptly provided with adequate treatment to his torn rotator cuff as directed by the othopedic surgeon he risk permanent disability.

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

Please see attached memorandum/complaint incorporated with this form.

Pg 12

## Claims for Relief

A. Issue a Declaratory Judgment stating that:

1. Defendant's Dr. Morales, Defendant Dr. Manenti, defendant Norwood, Defendant Angud, Defendant warden Kirby actions in failing to provide adequate medical care for the plaintiff violated and continues to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Defendant General Counsel failed to respond to my Administrative remedies.

B. Issue a preliminary Injunction order the Defendant General Counsel, Defendant's Morales, Angud, Manenti, Norwood, and Kirby or their agents to:

1. Immediately arrange for plaintiff to receive recommended M.R.I. Scan outside consultation.

2. Immediately arrange for the plaintiff need to be evaluateed by the medical practitioner with expertise in the treatment and restoration and functions of torn rotator cuff tear and torn ligament in the shoulder area.

3. Carryout without delay the treatment directed by such medical practitioner.

C. Award compensatory damages in the following amounts: (1) $50,000. jointly and severally against defendants Morales, Angud, Manenti, Norwood, and kirby for the emotional and physical injury resulting from their failure to provide adequate medical care to the palintiff. (2) $10,000. against the General Counsel for failing to provide medical care.

D. Award punitive damages in the following amounts:

1. $10,000.00 each against defendants morales, Angud, Norwood, Manenti, Kirby, and General Counsel.

E. Grant such other relief as it may appear plaintiff is entitled.

Respectfully Submitted,

Joseph Scott
Fed.Reg.#04194-015
FCI-Fairton
P.O.Box-420
Fairton, NJ 08320

9/28/2015

Pg 14

_____
_____
_____
_____
_____
_____
_____
_____
_____

8.    Do you request a jury or non-jury trial? (Check only one)

(✓) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __28__ day of __September__, 20_1_ _5_

_____
Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT
HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.
REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

Pg 15