IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH SCOTT,

              Plaintiff,

     v.

JOHN MANENTI, et al.,

              Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 15-7213 (JBS-AMD)

**OPINION**

APPEARANCES:

Joseph Scott, Plaintiff Pro Se
#04194-015
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, Chief Judge:**

**I.  INTRODUCTION**

Before the Court is Plaintiff Joseph Scott's ("Plaintiff"), submission of a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), (Docket Entry 1), motion for the appointment of counsel (Docket Entry 10), and motion for a preliminary injunction, (Docket Entry 9).[1] At this time, the Court must

---

[1] Plaintiff filed two substantively identical motions for a preliminary injunction, Docket Entries 8 and 9. Docket Entry 8 shall be dismissed as superseded by Docket Entry 9. Plaintiff's request for counsel made in Docket Entry 9 shall be addressed as part of his formal motion, Docket Entry 10.

review the complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed against Defendants Morales and Manenti, and the remainder of the defendants shall be dismissed. Defendants Morales and Manenti shall be ordered to show cause why an injunction should not issue, and Plaintiff's motion for counsel is denied without prejudice. Plaintiff's motions to amend the complaint, (Docket Entries 11 and 13), are denied without prejudice.

## I. BACKGROUND

Plaintiff brings this civil rights action against Defendants Mark Kirby, Dr. Angud, Dr. Morales, Dr. Manenti, Regional Director Norwood, and the General Counsel of the Federal Bureau of Prisons ("BOP") in their individual capacities. (Docket Entry 1 at 2).[2] The following factual

---

[2]Although Plaintiff does not explicitly state that Warden Kirby is only being sued in his individual capacity, the Court concludes after an examination of the complaint that Plaintiff only intended to assert claims against the warden in his individual capacity. *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991). To the extent the complaint could be interpreted as asserting claims against Warden Kirby in his official capacity, however, such a claim would be barred as the real party in interest, the United States, has sovereign immunity from suit. *Tucker v. Sec'y of Health & Human Servs.*,

allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff is a convicted and sentenced federal prisoner currently confined at FCI Fairton, New Jersey. Plaintiff states that on October 13, 2013, he submitted a request for medical attention to his right shoulder. (Docket Entry 1 ¶ 1). Dr. Morales gave Plaintiff a cortisone injection on November 27, 2013. (Docket Entry 1 ¶ 2). Nearly a year later, an unidentified physician's assistant determined Plaintiff's shoulder had not improved and arranged for a consultation with an orthopedic surgeon. (Docket Entry 1 ¶ 3). The evaluation occurred on January 27, 2015, at which time the orthopedist gave Plaintiff a corticosteroid injection and diagnosed him with a torn rotator cuff. (Docket Entry 1 ¶ 4). He indicated a MRI might be necessary if Plaintiff remained in pain. (Docket Entry 1 ¶ 4).

---

588 F. App'x 110, 115 (3d Cir. 2014) ("The United States may not be sued without its consent . . . and a *Bivens* action cannot be maintained against a federal official in [his] official capacity since such an action would essentially be one against the United States."). Sovereign immunity likewise bars Plaintiff's request for injunctive relief from Warden Kirby in his official capacity. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949)(holding that request for declaratory and injunctive relief against the government based on the actions of individual defendant officers was an action against the United States)*; accord Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 85-86 (1991).

After a few months, Plaintiff's shoulder pain had not improved. The orthopedic surgeon then recommended Plaintiff have a MRI. (Docket Entry 1 ¶ 5). Medical Director Manenti denied Plaintiff's request for a MRI on June 16, 2015, due to "incomplete clinical management." (Docket Entry 1 ¶ 6). Plaintiff asked for assistance from Drs. Morales and Angud; they responded by instructing Plaintiff to submit another grievance in order to get authorization from the Region. (Docket Entry 1 ¶ 7). As of the filing of the complaint, Plaintiff has not received a MRI on his shoulder.

## II. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A

4

because Plaintiff is a prisoner seeking redress from a government official.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

---

[3] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

(quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics

In *Bivens*, the Supreme Court created a federal counterpart to the remedy created in 42 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials"), *cert. denied*, 543 U.S. 1049 (2005). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006); *see also Collins v. F.B.I.*, Civ. No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that *Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").

III. ANALYSIS

**A. Eighth Amendment Claims**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The second element of the *Estelle* test requires an inmate show that prison officials acted with deliberate indifference to his serious medical need. "The hallmark of an Eighth Amendment violation arises when such medical treatment, or the withholding of medical treatment, is accompanied by knowing indifference to the pain or risk of serious injury this will cause, such as by 'persistent conduct in the face of resultant pain and risk of

permanent injury.'" *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Deliberate indifference may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. *See Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

*1. Drs. Manenti and Morales*

Construing all inferences in Plaintiff's favor, as the Court must do at this preliminary screening stage, this Court preliminarily finds that Plaintiff has pled facts sufficient to state a plausible claim for relief against Drs. Manenti and Morales. The complaint sufficiently pleads facts suggesting Dr. Manenti denied Plaintiff a procedure ordered by a physician for a non-medical purpose, *i.e.*, "incomplete clinical management," (Docket Entry 1 ¶ 6), and established the policy that led to the constitutional violation. (Docket Entry 1 at 10, para. 11). Plaintiff also alleges he informed Dr. Morales that he was in "excruciating pain" in October 2013, yet Dr. Morales delayed referring Plaintiff to the orthopedist until January 2015.

8

(Docket Entry 1 at 10, para. 12). The complaint fails to state a cause of action against the other defendants, however.

### 2. Dr. Angud

Plaintiff alleges no facts that would support an inference that Dr. Angud denied Plaintiff treatment. Plaintiff's complaint only indicates she informed him he would have to file a grievance in order to get authorization for a MRI. (Docket Entry 1 ¶ 7). Plaintiff's conclusory statement that "she's involved in the delayed access to a MRI" is insufficient to suggest she acted with deliberate indifference. (Docket Entry 1 at 6). In the absence of facts that specifically allege how she was involved in denying medical treatment and how she exhibited deliberate indifference towards Plaintiff's condition, Plaintiff's claims against her must be dismissed without prejudice.

### 3. Director Norwood

Plaintiff's claims against Director Norwood must be dismissed as well. Plaintiff alleges Director Norwood knew about Plaintiff's case due to the receipt of Plaintiff's grievances and the investigations he conducted into those grievances. (Docket Entry 1 at 10, para. 9). Plaintiff states, without any supporting facts, that Director Norwood "(1) knew of plaintiff's need for medical treatment but intentionally refused to provide it (2) delayed necessary medical treatment for non-medical

reasons or (3) prevented plaintiff from receiving needed or recommended treatment from the orthopedic surgeon physician." (Docket Entry 1 at 11, para. 13). Under *Iqbal,* "a pleading that offers . . . a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plaintiff must allege *specific facts* that would permit the Court to reasonably infer Director Norwood acted with the necessary state of mind. Plaintiff's claims against Director Norwood are dismissed without prejudice.

### 4. *Warden Kirby*

Plaintiff also has not sufficiently pled Warden Kirby's individual liability. He concedes "Warden Kirby did not commit the medical violations," but argues "he became responsible for them when he failed to correct them in the course of his supervisory responsibilities." (Docket Entry 1 at 6).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior [and] a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). To state a claim for supervisory liability for denial of medical care, a plaintiff must allege facts indicating that "a state

official, by virtue of his or her *own* deliberate indifference to *known* deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 320 (3d Cir. 2014) (emphasis in original), *rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Allegations that a supervisor responded inappropriately to Plaintiff's grievances about his medical treatment do not establish personal involvement of the supervisor in the treatment. *See Davis v. Samuels*, 608 F. App'x 46, 48-49 (3d Cir. 2015); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006).

To the extent Plaintiff asserts Warden Kirby is liable under a failure-to-supervise theory, *see Barkes*, 766 F.3d at 316, his claim also fails. Generally, failure to adequately supervise can constitute deliberate indifference only if the failure has caused a pattern of violations. *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997). Plaintiff has not alleged there has been a pattern of violations of prisoners' right to medical care, nor has he alleged that Warden Kirby was the relevant policymaker. In fact, his complaint indicates Dr. Manenti is the policymaker on medical issues. (Docket Entry 1 at

10, para. 11). Plaintiff's claims against Warden Kirby shall be dismissed without prejudice.

### 5. General Counsel

Plaintiff's claims against the BOP General Counsel must also be dismissed. Plaintiff bases his claims against the General Counsel on his purported failure to adequately respond to Plaintiff's grievances. As is the case with Warden Kirby, this is not enough to suggest he was deliberately indifferent to Plaintiff's medical needs. *See Davis v. Samuels*, 608 F. App'x 46, 48-49 (3d Cir. 2015) (holding sending a grievance to the office of the Director of the Federal Bureau of Prisons does not establish personal liability); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Plaintiff's claims against the General Counsel are dismissed without prejudice.[4]

---

[4] In the event Plaintiff wishes to pursue those claims that have been dismissed without prejudice, he may move to amend his complaint in accordance with Federal Rule of Civil Procedure 15. Any motion to amend must be accompanied by a proposed amended complaint. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Ibid*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Ibid*.

**B. Injunctive Relief**

Plaintiff also requests this Court provide injunctive relief in the form of an order requiring Defendants to provide him with a MRI and any other necessary medical care. (Docket Entry 9). To secure the extraordinary relief of a preliminary injunction, Petitioner must demonstrate "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). All four elements must be satisfied in order to grant the injunction. *Roberts v. Ferman*, 448 F. App'x 254, 256 (3d Cir. 2011).

A court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. Pro. 65(c). A narrow exception to the requirement exists when "a balance of the equities of the potential hardships that each party would suffer as result of a preliminary injunction . . . weighs overwhelmingly in favor of the party seeking the injunction." *Elliott v. Kiesewetter*, 98 F.3d 47, 60 (3d Cir. 1996); *see also Temple Univ. v. White*, 941

13

F.2d 201, 220 (3d Cir. 1991)(adopting balance of equities exception to bond requirement).

As Plaintiff's Eighth Amendment claim has survived screening under § 1915A, Defendants shall be ordered to show cause why a preliminary injunction should not issue within 21 days of service requiring the administration of an MRI. *See* Fed. R. Civ. Pro. 65(a)(1). Defendants shall address the bond requirement in their response.

**C. Appointment of Counsel**

Plaintiff asks this Court to appoint pro bono counsel to represent him in this matter on the grounds that he has no legal education and will need assistance throughout the proceedings. (Docket Entry 10 ¶¶ 2-5). Appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). Section 1915 permits a court to request that an attorney represent any person who is unable to afford counsel on his own. 28 U.S.C. § 1915(e)(1). Plaintiff is not presently eligible for the appointment of counsel as he has not demonstrated he is unable to afford an attorney. The motion shall be denied without prejudice to Plaintiff's right to request the appointment of counsel at a later time.[5] Plaintiff is advised that the appointment of counsel is not guaranteed.

---

[5] In the event Plaintiff elects to seek the appointment of counsel again, he should address the factors enumerated in

**D. Motions to Amend**

Plaintiff has filed two motions to amend his complaint.
(Docket Entries 11 and 13). Rule 15(a) of the Federal Rules of
Civil Procedure permits a party to amend a pleading once as a
matter of course twenty-one (21) days after serving the pleading
or twenty-one (21) days "after a responsive pleading or service
of a motion under Rule 12(b), (e), or (f), whichever is
earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B). As no responsive
pleadings have yet been filed, Plaintiff may amend his complaint
once as of right. The proposed amendments to the complaint,
however, do not state valid claims for relief. The dismissal is
without prejudice, and Plaintiff may refile his motion if he
able to correct the deficiencies noted herein.[6]

Plaintiff's first "motion" seeks to add a "deliberate
indifference claim." (Docket Entry 11 at 1). He argues

> the refusal of defendants, Manenti, Morales, Angud,
> Kirby, Norwood, and General Counsel to deny or delay of
> [sic] access to treatment, and the interference with
> medical judgment by factors unrelated to prisoners
> medical needs, and failure to carry out medical orders
> and recommendations by a specialist to him constitute

---

*Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993): (1) the
plaintiff's ability to present his or her own case;(2) the
complexity of the legal issues; (3) the degree to which factual
investigation will be necessary and the ability of the plaintiff
to pursue such investigation; (4) the amount a case is likely to
turn on credibility determinations;(5) whether the case will
require the testimony of expert witnesses; and (6) whether the
plaintiff can attain and afford counsel on his own behalf.
[6] *See supra* note 4.

15

> deliberate indifference to plaintiff's serious medical
> needs in violation of the Eighth Amendment.

(Docket Entry 11 at 3). This is the exact claim that was raised

in the original complaint. Deliberate indifference is an element

of an Eighth Amendment denial of medical care claim, it is not

an independent cause of action. Plaintiff also repeats his

allegation that there was a policy of denying medical care that

was too expensive. (Docket Entry 11 at 3; Docket Entry 1 ¶ 13).

As the proposed claim does not set out a basis on which relief

could be granted, *see* 28 U.S.C. § 1915A(b)(1), Plaintiff's first

motion to amend the complaint is denied. (Docket Entry 11).

Plaintiff's second motion to amend seeks to add a claim

under the Federal Tort Claims Act ("FTCA"). (Docket Entry 13).

28 U.S.C. §§ 1346(b), 2671-2680. The FTCA "operates as a limited

waiver of the United States's sovereign immunity." *White-Squire*

*v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Under

the Act, the United States is liable "in the same manner and to

the same extent as a private individual under like

circumstances." 28 U.S.C. § 2674. An FTCA plaintiff may sue only

the United States, may seek only monetary damages, and may not

recover for mental or emotional damages in the absence of

physical injury. *See* 28 U.S.C. § 1346(b) (providing jurisdiction

for "civil actions on claims against the United States, for

money damages" and providing that incarcerated felons may not

16

bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir.2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) (holding that the FTCA does not provide for equitable relief). Federal constitutional violations are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994).

A plaintiff suing under the Act must present the offending agency, in this case the BOP, with notice of the claim, including a "sum certain" demand for monetary damages. *White-Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Ibid.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Ibid.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Plaintiff states "[t]he regional office of the northeast regional office of the FBOP, received F.T.C.A. on 10/5/2015. Claim no. TRT-NER-2016-00186. See Attachment." (Docket Entry 13 at 2). No attachment was provided to the Court. The Court cannot determine what claims were contained in his October 5, 2015

17

notice and therefore potentially exhausted, nor whether the notice set forth a certain sum of damages. Therefore, the motion must be denied for failure to sufficiently allege the jurisdictional basis for Plaintiff's FTCA claim. *See Kaufman v. Liberty Mut. Ins. Co.*, 245 F.2d 918, 920 (3d Cir. 1957) ("The party asserting it has the burden of proving all the jurisdictional prerequisites."). Plaintiff may refile his motion to amend his complaint to include the FTCA claim in accordance with Federal Rule of Civil Procedure 15.[7]

**IV.   CONCLUSION**

For the reasons stated above, Plaintiff's claims against Defendants Manenti and Morales shall proceed at this time. The remainder of the defendants are dismissed at this time for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Defendants Manenti and Morales shall show cause why a preliminary injunction should not issue within 21 days of service. Plaintiff's motions to amend his complaint are denied without prejudice.

An appropriate order follows.


**January 6, 2016**                    **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge

---

[7] *See supra* note 4.

18