```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSEPH SCOTT,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN MANENTI, et al.,<br><br>          Defendants. | Civil Action<br>No. 15-7213 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief District Judge:**

   1.   On September 30, 2015, Plaintiff Joseph Scott submitted a civil complaint alleging Defendants violated his Eighth Amendment right to adequate medical care by, among other things, denying him an MRI of his shoulder after experiencing excruciating pain for nearly two years. (Complaint, Docket Entry 1). The Court administratively terminated the complaint on October 14, 2015, for failure to pay the filing fee or submit an application to proceed *in forma pauperis*. (Docket Entry 4). Plaintiff paid the filing fee on October 21, 2015, and the Court reopened the case for review.

   2.   Prior to this Court's review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff filed two motions to amend the complaint seeking to add a "deliberate indifference" claim as well as a claim under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. §§ 1346(b), 2671-2680. (Motions to Amend, Docket Entries 11 and 13).

3.     The Court permitted the complaint to proceed in part against Drs. Manenti and Morales. The remainder of the defendants were dismissed. The Court further denied Plaintiff's motions to amend without prejudice as the proposed amendments did not state valid claims. (Order, Docket Entry 18).

4.     On January 25, 2016, Plaintiff filed another motion to amend the complaint to add a FTCA claim against all defendants, including those the Court had dismissed in its January 7, 2016 Opinion and Order. (Third Motion to Amend, Docket Entry 27).

5.     Plaintiff attached to his motion a notice of claim form indicating the Federal Bureau of Prisons ("BOP") received a claim on October 5, 2015, for $5000 due to the alleged negligence of FCI Fairton personnel. (*Id.* at 7-10).

6.     Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B).

7.     The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White-Squire v. U.S. Postal Serv.*,

592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

8.  An FTCA plaintiff may sue *only* the United States. Plaintiff's request to file a FTCA claim against Drs. Morales and Manenti, the only defendants remaining in this action, is therefore not permissible. Nor does his proposed amended complaint state a cause of action that would warrant the reinstatement of the defendants who were previously dismissed from the case by the Court as they *cannot* be sued under the FTCA. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

9.  As the proposed amended complain does not state a valid FTCA claim, the motion to amend is denied without prejudice. Plaintiff may move to amend his complaint to add a claim *against the United States* in accordance with Federal Rule of Civil Procedure 15.

10.  An appropriate Order follows.

 April 13, 2016                          s/ Jerome B. Simandle  
Date                                     JEROME B. SIMANDLE  
                                         Chief U.S. District Judge