IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH SCOTT,

                    Plaintiff,

        v.

JOHN MANENTI, et al.,

                    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 15-7213 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Plaintiff Joseph Scott's ("Plaintiff") motion for preliminary injunction and temporary restraining order (Docket Entry 43); motion for order to show cause (Docket Entry 53); and motion for extension of time to file certificate of merit (Docket Entry 66). Defendants John Manenti, Ruben B. Morales, and United States' (collectively, "Defendants") Response in Opposition was filed on November 29, 2016 (Docket Entry 70).

For the reasons set forth below, Plaintiff's motion for preliminary injunction and temporary restraining order is dismissed as moot, Plaintiff's motion for order to show cause is dismissed as moot, and Plaintiff's motion for extension of time to file certificate of merit is dismissed without prejudice and may be renewed at the appropriate time.

## BACKGROUND & PROCEDURAL HISTORY

1. Previously, this Court reviewed Plaintiff's original Complaint (Docket Entry 1, filed on Sep. 30, 2015) pursuant to 29 U.S.C. § 1915A. The Court permitted Plaintiff's claim under the Eighth Amendment—that his right to adequate medical care was violated—to proceed in part against Drs. John Manenti and Ruben Morales. (Order, Docket Entry 18.) The remainder of the defendants were dismissed. (Id.)

2. On January 26, 2016, Plaintiff filed a motion to amend his Complaint to add a Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2671-2680, against all defendants, including those the Court dismissed in its January 7, 2016 Opinion and Order. (Third Motion to Amend, Docket Entry 27.) The Court denied that motion on the grounds that a FTCA claim may not be brought against an individual, only the United States. (April 13, 2016 Order, Docket Entry 45.)

3. Plaintiff subsequently filed a motion to amend on May 6, 2016 seeking to add an FTCA claim against the United States. (Fourth Motion to Amend, Docket Entry 47.) The Court found Plaintiff had sufficiently pled a FTCA claim against the United States and granted the motion on June 27, 2016. (Docket Entry 48.)

4. Plaintiff has brought suit against Defendant Dr. Ruben Morales and Medical Director Dr. John Manenti in their

2

individual capacities pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff has also brought suit against the United States under the FTCA for "negligence in the excessive delay in providing adequate care." (Docket Entry 50, Amended Complaint, filed May 6, 2016.) Plaintiff is a convicted and sentenced federal prisoner currently confined at FCI Fairton, New Jersey. The following factual allegations are as Plaintiff has pled in his original and amended Complaint; the Court has made no finding as to the veracity of Plaintiff's allegations.

7. Plaintiff states that on October 13, 2013, he submitted a request for medical attention to his right shoulder and in response Dr. Morales gave Plaintiff a cortisone injection on November 27, 2013. (Cl. ¶ 1, 2.) Plaintiff alleges that he informed Dr. Morales that he was in "excruciating pain" in October, 2013, but Dr. Morales delayed referring Plaintiff to the orthopedist. (Cl. ¶ 12.) Approximately one year later, an unidentified physician's assistant determined Plaintiff's shoulder had not improved and arranged for a consultation with an orthopedic surgeon. (Cl. ¶ 3.) The evaluation occurred on January 27, 2015, at which time the orthopedist diagnosed Plaintiff with a torn rotator cuff and gave him a cortisone injection. (Cl. ¶ 4.) The orthopedist indicated a MRI might be necessary if Plaintiff remained in pain. (Cl. ¶ 4.)

8. After a few months, Plaintiff's shoulder pain had not improved and the orthopedic surgeon recommended Plaintiff have a MRI. (Cl. ¶ 5.) Medical Director Dr. Manenti denied Plaintiff's request for a MRI on June 16, 2015. (Cl. ¶ 6.) Plaintiff asked Dr. Morales for assistance obtaining the MRI, who instructed Plaintiff to submit a grievance in order to get authorization from the Region. (Cl. ¶ 7.) As of the filing of the Complaint, Plaintiff has not received a MRI for his shoulder.

**MOTION FOR INJUNCTIVE RELIEF**

9. Plaintiff requests a preliminary injunction and a temporary restraining order requesting that the Court compel Defendants to provide him with "proper treatment" for his torn rotator cuff, specifically in the form of a second MRI and/or surgery. (Motion for Preliminary Injunction, Docket Entry 43.) Plaintiff's request for a temporary restraining order is subsumed by his request for a preliminary injunction and will be analyzed by this Court as a single motion. Here, Plaintiff relies on his original and amended Complaint with respect to this application for injunctive/emergent relief.

10. Defendants' Response includes an affidavit dated November 29, 2016 and accompanying medical records indicating that Plaintiff received arthroscopic surgery on the right shoulder, including rotator cuff repair and SLAP repair, on August 17, 2016. (Docket Entries 70-1 to -4.) Defendants'

4

submission also includes a report indicating that Plaintiff received post-surgical follow-up care at Premier Orthopaedic Associates in Mullica Hill, New Jersey on August 24, 2016. (Docket Entry 70-4.)

11. Defendants' Response and Exhibits indicate Plaintiff has received the relief he requested in his Motion for Preliminary Injunction, namely, surgery on his shoulder. The Court can grant no further relief on that motion. It shall therefore be dismissed as moot.[1]

## MOTION FOR EXTENSION OF TIME TO FILE CERTIFICATE OF MERIT

12. Plaintiff requests the Court to grant him an extension of time to file a certificate of merit. (Docket Entry 66.) Under applicable New Jersey law, Plaintiff must provide an affidavit of merit within sixty days of the date the answer is filed, with one 60-day extension permissible for good cause shown. In lieu of an affidavit, Plaintiff "may provide a sworn, written statement that, after written request, the defendant failed to provide the plaintiff with records that have a substantial bearing on the preparation of the affidavit." See N.J. Stat.

---

[1] The Court will also dismiss as moot Plaintiff's Motion to Show Cause pursuant to 28 U.S.C. § 2243. A motion to show cause under § 2243 is to be directed to the person having custody of the person detained, not as a vehicle to request a Court to issue an opinion. Furthermore, Plaintiff has received the relief he sought. Accordingly, Plaintiff's motion is dismissed as moot.

Ann. §§ 2A:53A-27 to -28 (West 2016); <u>Lee v. Thompson</u>, 163 Fed.
Appx. 142, *1 (3d Cir. 2006).

13. Plaintiff's motion was filed on November 9, 2016,
twenty days before Defendants filed their answer on November 29,
2016. Plaintiff's motion was accordingly premature, and is
dismissed without prejudice for that reason.

14. Plaintiff has sixty days from November 29, 2016--until
Monday, January 30, 2017--within which to provide an affidavit
of merit (or the above-described sworn statement), or in the
alternative, to request a 60-day extension for good cause.

**CONCLUSION**

15. For the foregoing reasons, the Court dismisses as moot
Plaintiff's motion for injunctive relief and his
mischaracterized motion to show cause. Plaintiff's motion for
extension of time is dismissed without prejudice.

16. An accompanying Order will be entered.


**December 8, 2016**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

6